# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 11-80331-CV-HURLEY/HOPKINS

JONATHAN E. PERLMAN,

       **Plaintiff,**

vs.

BANK OF AMERICA, N.A.,

       **Defendant.**

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Bank of America, N.A.'s motion to dismiss the Amended Complaint [DE # 67]. The motion is fully briefed and ripe for adjudication. For the reasons to follow, the Court will grant Defendant's motion and dismiss the Amended Complaint with prejudice.

## BACKGROUND

In a previous Order dated December 22, 2011 (the "Dismissal Order"),[1] the Court dismissed with prejudice the Receiver's claims for negligence, wire transfer violations, and aiding and abetting fraudulent transfers. The Court also dismissed without prejudice the Receiver's fraudulent transfer claims. Finally, the Court denied the motion to dismiss as to the Receiver's claims for aiding and abetting breach of fiduciary duty and aiding and abetting conversion.

In the instant motion, the Bank restates its earlier argument supporting its motion to dismiss

---

[1] The Court set forth the factual background of this case in the Dismissal Order [DE # 51]. Rather that repeat the summary here, the Court incorporates the Dismissal Order's background section by reference.

the aiding and abetting claims in light of an intervening unpublished Eleventh Circuit opinion.  *See Lawrence v. Bank of Am.*, 455 Fed. Appx. 904 (11th Cir. 2012) ("*Lawrence II*").  The motion also argues that the Court must dismiss the re-pleaded fraudulent transfer claims based on the reasoning in *Lawrence II*.  In each case, the Court agrees.

## DISCUSSION

### A.    The Aiding and Abetting Claims

In the Dismissal Order, the Court considered whether a plaintiff could properly plead the actual knowledge element of an aiding and abetting claim by alleging atypical business transactions. Dismissal Order 10-16 [DE # 51].  In concluding that such allegations could be sufficient, the Court attempted to reconcile a variety of cases with conflicting outcomes.  *See, e.g.*, *Woodward v. Metro Bank of Dallas*, 522 F.2d 84, 97 (5th Cir. 1975) ("[I]f the method or transaction is atypical or lacks business justification, it may be possible to infer the knowledge necessary for aiding and abetting liability."); *Lawrence v. Bank of America, N.A.*,  No. 8:09-cv-2162-T-33TGW, 2010 WL 3467501, *4 (M.D. Fla. Aug. 30, 2010) ("*Lawrence I*").  The Court was troubled by but disagreed with the district court opinion in *Lawrence I* because it expressly considered atypical business transactions and found them insufficient to allege actual knowledge of an underlying violation.  2010 WL 3467501 at *4.

Shortly after the Court issued the Dismissal Order, the Eleventh Circuit affirmed the district court's order in *Lawrence*, stating that "[a]lthough Plaintiffs alleged the transactions were atypical and therefore [the Bank] should have known of the Ponzi scheme, such allegations are insufficient under Florida law to trigger liability."  *Lawrence II*, 455 Fed. Appx. at 907.  Although *Lawrence II* is an unpublished opinion and therefore does not constitute binding precedent, *see* U.S.C.A. 11th Cir.

2

Rule 36-2, its reasoning sheds substantial light on the exact issue presented by the instant motion. With the benefit of the Eleventh Circuit's reasoning on this issue, the Court now concludes that the Receiver's allegations are insufficient as a matter of law to state a claim for aiding and abetting liability. Because banks have no duty to investigate even suspicious transactions, allegations of such transactions do not demonstrate the actual knowledge required for aiding and abetting claims. *Lawrence II*, 455 Fed. Appx. at 907. Under this analysis of its allegations of atypical transactions, the Amended Complaint does not sufficiently allege that the Bank knowingly abetted the underlying scheme. Thus, the Court must dismiss Counts I and II of the Amended Complaint.[2]

    B.    *The Fraudulent Transfer Claims*

The Receiver has also asserted claims for avoidance and recovery of fraudulent transfers pursuant to the Florida Uniform Fraudulent Transfer Act ("FUFTA"), Fla. Stat. § 726.101. The Bank argues that *Lawrence II* also dictates dismissal of the Receiver's fraudulent transfer claims because, just as allegations of atypical transactions are insufficient to plead actual knowledge, so too are they insufficient to allege bad faith under the bad-faith exception to the mere conduit defense of a fraudulent transfer claim.

The mere conduit rule is an equitable exception to fraudulent transfer liability that requires a defendant to "establish (1) that [it] did not have control over the assets received, i.e., that [it] merely served as a conduit for the assets that were under the actual control of the [transferor] *and* (2) that [it] acted in good faith and as an innocent participant in the fraudulent transfer." *In re*

_____

[2]In reaching this conclusion, the Court rejects the Receiver's contention that the portion of the motion addressing the aiding and abetting claims is really an untimely motion for reconsideration. The Bank is not seeking to undo the Court's ruling on the original complaint; rather, it seeks to dismiss the Amended Complaint based on law that emerged subsequent to the Court's prior ruling.

*Harwell*, 628 F.3d 1312, 1323 (11th Cir. 2010).  Thus, the mere conduit rule is an affirmative defense to fraudulent transfer liability.  Under Florida law, a Court may consider an affirmative defense in resolving a motion to dismiss when the complaint "affirmatively and clearly shows the conclusive applicability of the defense to bar the action."  *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1277 (11th Cir. 2004) (internal citations omitted).

In the instant case, the face of the Amended Complaint makes clear that the Bank acted as a mere conduit of Theodule's fraudulent transfers—that is, that the Bank never exercised dominion or control over the funds and that the Bank acted with good faith.  In evaluating the Bank's good faith, "[t]he relevant question is whether [it] had actual knowledge of the debtor's fraudulent purpose or 'had knowledge of such facts or circumstances as would have induced an ordinarily prudent person to make inquiry, and which inquiry, if made with reasonable diligence, would have led to the discovery of the [transferor's] fraudulent purpose.'" *Wiand v. Waxenberg*, 611 F. Supp. 2d 1299, 1319 (S.D. Fla. 2009) (quoting *United States v. Romano*, 757 F. Supp. 1331, 1338 (M.D. Fla. 1989)). The Court has already concluded that the Receiver has not properly alleged the Bank's actual knowledge of the underlying violations.  The Court further concludes that because banks have the "right to assume that individuals who have the legal authority to handle [an] entity's accounts do not misuse the entity's funds," *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1205 (11th Cir. 2003), the alleged atypical transactions and other red flags do not comprise "facts or circumstances [that] would have induced an ordinarily prudent [bank] to make inquiry . . . ." *Waxenberg*, 611 F. Supp. 2d at 1319 (internal citation omitted).

The Court also finds fraudulent transfer liability of a bank under these circumstances at odds with the reasoning in *Freeman v. First Union Nat'l Bank*, 865 So. 2d 1272 (Fla. 2004).  In *Freeman*,

Order Granting Defendant's Motion to Dismiss
Perlman v. Bank of America, N.A.
Case No. 11-80331-CV-HURLEY/HOPKINS

the Florida Supreme Court rejected a cause of action for aiding and abetting fraudulent transfers

against a bank that was the primary banker for a Ponzi schemer after it effectuated wire transfers on

the schemer's behalf even after the schemer was sued and a court issued an injunction freezing the

accounts at the bank. *Id*. at 1274 n.3. To allow Plaintiff in the instant case to circumvent the

outcome in *Freeman* by holding a bank liable for its customer's deposits into its own accounts would

undermine the Florida Supreme Court's demonstration of "the narrow focus of the FUFTA and its

limitations." *Id*. at 1277.

## CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint in its entirety.

Moreover, the Court finds that granting leave to amend the Amended Complaint would be futile in

light of the legal conclusions stated in this Order. The Court will therefore dismiss the Amended

Complaint with prejudice.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.      Bank of America's Motion to Dismiss [DE # 67] is **GRANTED**.

2.      The Amended Complaint is **DISMISSED WITH PREJUDICE**.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 23rd day of May, 2012.


Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*

For updated court information, visit unofficial website
at http://www.judgehurley.com